UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| SHAUN SEGER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 12-384-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CITY OF LANCASTER, KENTUCKY, | ) | **MEMORANDUM OPINION** |
| et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

In 1980, the Kentucky legislature enacted what is commonly referred to as the "Police Officer's Bill of Rights." Ky. Rev. Stat. Ann. ("KRS") § 15.520 (Michie 2008). The statute provides certain procedural protections to officers employed by local governments that receive appropriations from the Commonwealth's general fund. At times relevant to this action, Plaintiff Shaun Seger ("Seger") was employed as a police officer by the City of Lancaster, Kentucky ("Lancaster"). For a nineteen-day period in December of 2011, Seger was suspended without pay while self-reported criminal charges were pending against him. After those charges were resolved, Seger was reinstated to his former position and provided with full back pay. However, the plaintiff believes that his rights under the Police Officer's Bill of Rights were violated by the defendants' actions. As a result, he brought this suit for monetary damages due to the emotional distress he allegedly suffered as a result of being temporary suspended. [Record No. 1]

-1-

The defendants originally joined as parties include: Lancaster; Brenda Powers, in her official and individual capacity as Mayor of Lancaster; Bret Baierlein, in his official and individual capacity as council member of Lancaster; Chris Davis, in his official and individual capacity as council member of Lancaster; Brandon McGlone, in his official and individual capacity as council member of Lancaster; Maggie Mick, in her official and individual capacity as council member of Lancaster; Mike Sutton, in his official and individual capacity as council member of Lancaster; Jesse Wagoner, in his official and individual capacity as council member of Lancaster; and Allen Weston, in his official and individual capacity as acting Chief of the Lancaster Police Department. [See Record No. 1-1.] The defendants seek dismissal of Seger's Complaint. They contend that *even if* KRS § 15.520 applies to suspensions that do not arise from a citizen's complaint, the plaintiff has not stated viable claims for relief.

Seger's original Complaint contains one federal claim and one claim based on state law. The plaintiff also seeks to assert additional state law claims through an Amended Complaint which was tendered after the defendants moved to dismiss the original Complaint. [Record No. 6] Having reviewed the relevant authorities and materials submitted by the parties, the Court agrees that Seger's federal claim (Count 2) fails to state a claim upon which relief may be granted. However, the Court will not dismiss the first Count of Seger's original Complaint based on the facts alleged.

## I.

When evaluating a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   The plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  Although the complaint need not contain "detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted).

In considering a 12(b)(6) motion, the Court is required to "accept all of plaintiff's factual allegations as true and determine whether any set of facts consistent with the allegations would entitle the plaintiff to relief."  *G.M. Eng'rs & Assoc., Inc. v. West Bloomfield Twp.*, 922 F.2d 328, 330 (6th Cir. 1990) (citation omitted).  However, the Court need not accept as true legal conclusions cast in the form of factual allegations if those conclusions cannot be plausibly drawn from the facts, as alleged.  *See Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."); *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986) (noting that in reviewing a motion to dismiss, the district court "must take all the factual allegations in the complaint as true," but that the court is "not bound to accept as true a legal conclusion couched as a factual allegation").  Thus, Rule 12(b)(6) essentially "allows the Court to dismiss, on the basis of a dispositive issue of law, meritless cases which would otherwise waste judicial resources and result in unnecessary

discovery." *Glassman, Edwards, Wade & Wyatt, P.C. v. Wolf Haldenstein Adler Freeman & Herz, LLP*, 601 F. Supp. 2d 991, 997 (W.D. Tenn. Mar. 10, 2009).

## II.

### A.    Count I States a Viable Claim Under the Facts Presented.

The defendant's motion to dismiss turns on application of KRS § 15.520 to the facts as alleged by the plaintiff.[1]   The statute provides a number of protections to police officers employed by certain local governments.   As Senior United States District Judge Thomas B. Russell explained in *Martin v. City of Glasgow*, No. 1: 11-CV-64-R, 2012 U.S. Dist. LEXIS 104323 (W.D. Ky. July 26, 2012), "the statute assures that officers *who are the subject of a civilian complaint* will not be disciplined or terminated without an investigation or an in-person hearing."  *Id.* at *26 (citing *Laux v. City of Oak Grove*, No. 5: 03-CV-141-R, 2004 U.S. Dist. LEXIS 2778, at *5 (W.D. Ky. Dec. 1, 2004) (emphasis added).   Thus, as the highlighted portion of Judge Russell's opinion suggests, the protections may not extend to all police officers subject to the statute.

The statute contains four numbered paragraphs.   The fourth paragraph limits the protections provided by the statute to local governmental units that receive funds from the Commonwealth's Law Enforcement Foundation Program.  *See* KRS § 15.440.  To be eligible for such funding, the local unit of government must employ police officers meeting certain

---

[1]    Seger's proposed Amended Complaint restates the first two Counts contained in his original Complaint.  Then, in Count III, the plaintiff alleges that he may recover for a violation of KRS § 15.520 under KRS § 446.070.  In Count IV, Seger contends that the defendants' actions are arbitrary and violate Article 2 of the Kentucky Constitution which "prohibits arbitrary and absolute power of the agents of the Commonwealth."  [Record No. 6-2]

minimum educational and professional requirements.  *See*  KRS § 15.440(1).  The second and third paragraphs relate to the manner by which a police officer may judicially challenge adverse decisions of his or her employer.  KRS §§ 15.520(2), (3).

The prefatory language of the first paragraph of the statute outlines its purpose (*i.e.*, establishing a minimum system of professional conduct for officers employed by certain local units of government).  Additionally, this paragraph identifies the goal of dealing fairly with covered officers by providing certain enumerated due process protections while providing citizens with a means of redressing improprieties allegedly committed by covered officers.  This paragraph then outlines the manner of accomplishing the stated objectives in subparagraphs (a) through (h).  KRS §§ 15.520(1)(a) – (h).

Subparagraph (a) pertains to the manner in which complaints are received from citizens while specifically providing that a department may investigate alleged improprieties even without a citizen's complaint.  Next, subparagraph (b) provides certain rights which may be exercised by officers who have been suspended.  Subparagraphs (c) and (d) provide for certain rights for officers questioned regarding allegations of improper activities.  Next, subparagraph (e) states that a covered officer must be given specific notice of any charge involving an alleged violation of any governmental rule or regulation.  In connection with this notice requirement, subparagraph (f) prohibits public statements being made concerning the alleged violation of governmental rules or regulations.[2]  Finally, subparagraph (h) contains a detailed outline of the

---

[2]     Subparagraph (g) provides a right of silence to covered officers.

mechanics for any administrative hearing relating to charges made against a covered police officer.

Because the defendants have chosen not to assert a defense that would result in the complete dismissal of this action (that is, that the statute only applies in the context of a citizen's complaint), it is necessary for this Court to provide full citation to, and evaluation of, the statute. It specifically provides as follows:

(1)     In order to establish a minimum system of professional conduct of the police officers of local units of government of this Commonwealth, the following standards of conduct are stated as the intention of the General Assembly to deal fairly and set administrative due process rights for police officers of the local unit of government and at the same time providing a means for redress by the citizens of the Commonwealth for wrongs allegedly done to them by police officers covered by this section:

(a)     Any complaint taken from any individual alleging misconduct on the part of any police officer, as defined herein, shall be taken as follows:

1.     If the complaint alleges criminal activity on behalf of a police officer, the allegations may be investigated without a signed, sworn complaint of the individual;

2.     If the complaint alleges abuse of official authority or a violation of rules and regulations of the department, an affidavit, signed by and sworn to by the complainant shall be obtained;

3.     If a complaint is required to be obtained and the individual, upon request, refuses to make allegations under oath in the form of an affidavit, signed and sworn to, the department may investigate the allegations, but shall bring charges against the police officer only if the department can independently substantiate the allegations absent the sworn statement of the complainant;

4.     Nothing in this section shall preclude a department from investigating and charging an officer both criminally and administratively.

(b)     No threats, promises, or coercions shall be used at any time against any police officer while he or she is a suspect in a criminal or departmental matter.  Suspension from duty with or without pay, or reassignment to other than an officer's regular duties during the period shall not be deemed coercion.  Prior to or within twenty-four (24) hours after suspending the officer pending investigation or disposition of a complaint, the officer shall be advised in writing of the reasons for the suspension;

(c)     No police officer shall be subject to interrogation in a departmental matter involving alleged misconduct on his or her part, until forty-eight (48) hours have expired from the time the request for investigation is made to the accused officer, in writing.  The interrogation shall be conducted while the officer is on duty.  The police officer may be required to submit a written report of the alleged incident if the request is made by the department no later than the end of the subject officer's next tour of duty after the tour of duty during which the department initially was made aware of the charges;

(d)     If a police officer is under arrest, or likely to be arrested, or a suspect in any criminal investigation, he shall be afforded the same constitutional due process rights that are accorded to any civilian, including, but not limited to, the right to remain silent and the right to counsel, and shall be notified of those rights before any questioning commences.  Nothing in this section shall prevent the suspension with or without pay or reassignment of the police officer pending disposition of the charges;

(e)     Any charge involving violation of any local unit of government rule or regulation shall be made in writing with sufficient specificity so as to fully inform the police officer of the nature and circumstances of the alleged violation in order that he may be able to properly defend himself.  The charge shall be served on the police officer in writing;

(f)     When a police officer has been charged with a violation of departmental rules or regulations, no public statements shall be

-7-

made concerning the alleged violation by any person or persons of the local unit of government or the police officer charged, until final disposition of the charges;

(g)    No police officer as a condition of continued employment by the local unit of government shall be compelled to speak or testify or be questioned by any person or body of a nongovernmental nature; and

(h)    When a hearing is to be conducted by any appointing authority, legislative body, or other body as designated by the Kentucky Revised Statutes, the following administrative due process rights shall be recognized and these shall be the minimum rights afforded any police officer charged:

    1.    The accused police officer shall have been given at least seventy-two (72) hours notice of any hearing;

    2.    Copies of any sworn statements or affidavits to be considered by the hearing authority and any exculpatory statements or affidavits shall be furnished to the police officer no less than seventy-two (72) hours prior to the time of any hearing;

    3.    If any hearing is based upon a complaint of an individual, the individual shall be notified to appear at the time and place of the hearing by certified mail, return receipt requested;

    4.    If the return receipt has been returned unsigned, or the individual does not appear, except where due to circumstances beyond his control he cannot appear, at the time and place of the hearing, any charge made by that individual shall not be considered by the hearing authority and shall be dismissed with prejudice;

    5.    The accused police officer shall have the right and opportunity to obtain and have counsel present, and to be represented by that counsel;

    6.    The appointing authority, legislative body, or other body as designated by the Kentucky Revised Statutes shall

-8-

subpoena and require the attendance of witnesses and the production by them of books, papers, records, and other documentary evidence at the request of the accused police officer or the charging party. If any person fails or refuses to appear under the subpoena, or to testify, or to attend, or produce the books, papers, records, or other documentary evidence lawfully required, the appointing authority, legislative body, or other body as designated by the Kentucky Revised Statutes may report to the Circuit Court or any judge thereof the failure or refusal, and apply for a rule. The Circuit Court, or any judge thereof, may on the application compel obedience by proceedings for contempt as in the case of disobedience of the requirements of a subpoena issued from the court;

7.     The accused police officer shall be allowed to have presented, witnesses and any documentary evidence the police officer wishes to provide to the hearing authority, and may cross-examine all witnesses called by the charging party;

8.     Any police officer suspended with or without pay who is not given a hearing as provided by this section within sixty (60) days of any charge being filed, the charge then shall be dismissed with prejudice and not be considered by any hearing authority and the officer shall be reinstated with full back pay and benefits; and

9.     The failure to provide any of the rights or to follow the provisions of this section may be raised by the officer with the hearing authority. The hearing authority shall not exclude proffered evidence based on failure to follow the requirements of this section but shall consider whether, because of the failure, the proffered evidence lacks weight or credibility and whether the officer has been materially prejudiced.

(2)     Any police officer who shall be found guilty by any hearing authority of any charge, may bring an action in the Circuit Court in the county in which the local unit of government may be located to contest the action of that hearing authority, and the action shall be tried as an original action by the court.

      (3)     The judgment of the Circuit Court shall be subject to appeal to the Court of Appeals. The procedure as to appeal to the Court of Appeals shall be the same as in any civil action. As the provisions of this section relate to a minimum system of professional conduct, nothing herein shall be construed as limiting or in any way affecting any rights previously afforded to police officers of the Commonwealth by statute, ordinance, or working agreement.

      (4)     The provisions of this section shall apply only to police officers of local units of government who receive funds pursuant to KRS 15.410 through 15.992.

KRS § 15.520.

As noted previously, while sections (a) through (h) of the statute's first paragraph outline a number of procedural protections extended to covered officers, other important limitations are reflected in the prefatory language of the paragraph. More specifically, courts within the Commonwealth have held that those protections apply only when the officer is the subject of a citizen's complaint to his or her employer. *See Martin,* 2012 U.S. Dist. LEXIS 104323, at \*26 (recognizing that "Kentucky's appellate courts have strictly limited [the protections of KRS § 15.520] to instances involving complaints by civilians"); *Hill v. City of Mt. Washington*, No. 2011-CA-378-MR, 2012 Ky. App. Unpub. LEXIS 66, \*6-7, 8 (Ky. Ct. App. Jan. 20, 2012) ("KRS 15.520 applie[s] only to instances where citizen complaints had been filed against a police officer"); *Beavers v. City of Berea*, No. 2010-CA-1522-MR, 2012 Ky. App. LEXIS 1, at \*8 (Ky. Ct. App. Jan. 6, 2012) (KRS § 15.520 only applies when disciplinary action is taken against a police officer based upon a citizen complaint as opposed to an internal police investigation); *Pearce v. Univ. of Louisville*, No. 2009-CA-1813-MR, 2011 Ky. App. LEXIS 230, \*18-20 ( Ky. Ct. App. Nov. 18, 2011) ("KRS 15.520 applies only to disciplinary actions

-10-

initiated by a citizen's complaint . . .")  Although counsel for the defendant represented the successful governmental entities in several of the cases cited, he does not base his motion to dismiss on these authorities.

Seger's original Complaint claims that, at all times relevant to this action, he was employed as a law enforcement officer by the City of Lancaster.  He asserts that Lancaster receives funding pursuant to KRS § 15.410-992 and, as a result, is required to comply with KRS § 15.520.  [*See* Record No. 1-1; Complaint, ¶ 14).]  Seger also admits that the action taken against him was not based on a citizen's complaint.  Instead, it was the result of the plaintiff's own statements and admissions.[3]

According to Seger, on or about December 12, 2011, following an argument with his teenage stepdaughter, he contacted Sergeant Rick Shearer of the City of Lancaster Police Department to request assistance in completing an "out-of-control" juvenile complaint. Sergeant Shearer then contacted the Garrard County Sheriff's Department for assistance.[4] Several officers with both departments subsequently arrived at the plaintiff's home.  Based on Seger's admissions to the investigating officers that he may have committed a possible assault upon his step-daughter, the plaintiff was charged and transported to the Garrard County Sheriff's office.  Seger also asserts that Sergeant Shearer instructed two of the deputy sheriffs to "confiscate the plaintiff's police equipment." [Record No. 1-1; Complaint, ¶¶ 15) – 19)]

---

[3]     The Court does not interpret KRS § 15.520(1) to include a report or statement from an officer that results in an investigation of or administrative action taken against that officer.

[4]     The relevant facts are restated in Seger's response to the defendants' motion to dismiss. [*See* Record No. 5, p. 1-2.]

The original Complaint alleges that Seger was: (i) told he was a suspect in the alleged assault of his teenage step-daughter; (ii) placed under arrest by a deputy sheriff; and (iii) transported to the Garrard County Sheriff's Office for processing. [*Id.* ¶¶ 20) – 22)] After Seger arrived at the sheriff's office, he encountered acting Chief Weston who asked that the plaintiff resign from his position upon his release from custody. The plaintiff refused this request. Seger asserts that, after this interaction with the acting chief, he discovered that his past employment history was provided to the news media without his consent. Seger asserts that he was suspended[5] and "remained unemployed by the Defendant City of Lancaster Police Department until he appeared in the Garrard District Court on December 29, 2011." [*Id.* ¶ 26)] At that time, criminal charges were dismissed and he was approached by acting Chief Weston about returning to work. And upon his return, Seger was reimbursed for the days of his suspension. [*Id.* ¶¶ 26)-30)]

Based on these factual assertions, Seger claims, *inter alia*, that the defendants violated his due process rights under KRS § 15.520(1)(b) because acting Chief Weston's request for his resignation constitutes improper threats and/or promises. Further, Seger contends that his

---

[5]     The defendants acknowledge that Seger was suspended without pay while the criminal charges were pending against him. [Record No. 4, p. 1]  Because the defendants assume that KRS § 15.520 applies for purposes of their motion to dismiss, they argue that the suspension was proper under subsection (1)(d) of the statute.  As outlined above, this portion of the statute provides that,

> If a police officer is under arrest, or likely to be arrested, or a suspect in any criminal investigation, he shall be afforded the same constitutional due process rights that are accorded to any civilian, including, but not limited to, the right to remain silent and the right to counsel, and shall be notified of those rights before any questioning commences. *Nothing in this section shall prevent the suspension with or without pay or reassignment of the police officer pending disposition of the charges.*

KRS § 15.520(1)(d) (emphasis added).

-12-

encounter with the acting chief constitutes improper interrogation in violation of KRS §
15.520(1)(c). Finally, he contends that one or more defendants violated his rights under KRS
§ 15.520(1)(f) by making statements to the news media about his employment history. [*Id.* ¶¶
32) – 34)]

Seger does not contend that he is entitled to any back pay as a result of the alleged
violations. However, in Count I, he seeks monetary damages for "extreme emotional distress"
resulting from the defendants' violations of the state law. Further, in Count II, he contends that
the defendants' actions constitute a violation of 42 U.S.C. § 1983. This claim is the basis for
removal jurisdiction and is grounded on the assertion that Seger "had a constitutionally protected
property interest in his employment and a protected property interest that the due process
procedures of KRS § 15.520 *et seq.* would be followed by the Defendants." Through his
proposed amendment [Record No. 6], Seger seeks to add two additional claims. First, he
contends that KRS 446.070 allows him to recover damages caused by the alleged violations of
KRS § 15.520 *et seq.* (Count III). And finally, through Count IV, Seger seeks to assert a claim
that, by denying him the procedural protections provided by KRS § 15.520, the defendants have
violated Article 2 of the Kentucky Constitution which prohibits arbitrary action by agents of the
Commonwealth. [Record No. 6-2, ¶¶ 43)-49)]

It bears repeating that the defendants' motion to dismiss is not based on the contention
that KRS § 15.520 is inapplicable where, as here, a police officer suffers adverse employment
action which is not the result of a citizen's complaint. In footnote 1 of their motion to dismiss,
the defendants indicate that two cases currently pending before the Supreme Court of Kentucky

address whether KRS § 15.520 applies only if triggered by a citizen's complaint. *See Hill v. City of Mount Washington*, No. 2012-SC-000104-D; *Pearce v. University of Louisville*, No. 2011-SC-000756-D. However, they seek to reserve the right to invoke additional defenses regarding application of the statute depending on the appellate court's ruling.

The linchpin of the defendant's argument is that Seger was never subject to final disciplinary action.[6] Therefore, no remedies are available under the statutory provisions relied upon by the plaintiff. The defendants are correct, in part. Neither subparagraph (1)(d) nor any other part of the statute prohibits governmental units from suspending police officers with or without pay while criminal charges are pending. Thus, the plaintiff may not rely upon KRS § 15.520, *et seq*. as creating any property rights which would prevent suspension without pay under the circumstances presented. Instead, the statute gives an officer such as Seger the same constitutionally-protected rights that other citizens enjoy. Further, because Seger was reinstated with full back pay and was not terminated, he was never subject to final disciplinary action with attendant hearing rights as outlined in the KRS § 15.520(1)(h).

---

[6]      Rather than address the merits of the defendants' arguments, Seger asserts that his Complaint should not be dismissed because he has met the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. However, fair notice of the claims being asserted is *not* the issue for resolution. Instead, the issue presented is whether the claims are viable based on the factual assertions which are not contested for purposes of the defendants' Rule 12 motion.

The plaintiff then stumbles into a key factual dispute when he argues that he was not given proper notice of the reasons for his suspension as required by KRS § 15.520(h)(1). This part of the statute requires that "the accused police officer shall be given at least seventy-two (72) hours notice of any hearing." The factual dispute does not concern whether Seger was given notice of the reasons for his suspension within 72 hours of the hearing required by KRS § 15.520(1)(h)(1) because this provision is not implicated by the facts of this case. Instead, the operative provision is KRS § 15.520(1)(b) which requires that, within 24 hours of being suspended, a covered officer is entitled to *written notice* of the reasons for his suspension.

-14-

Next, although the defendants deny that they violated subparagraphs (1)(b), (c), or (f) of the statute, they contend that the plaintiff's contrary allegations are of no consequence because Seger's remedy for any statutory noncompliance is limited to dismissal of the charges with back pay restored under KRS § 15.520(1)(h)(8).  Alternatively, if the charges are not dismissed, under KRS § 15.520(1)(h)(9), the hearing officer may limit the evidentiary weight of the evidence against the police officer.  More specifically, KRS § 15.520(1)(h)(9) provides:

> The failure to provide any of the rights or to follow the provisions of this section may be raised by the officer with the hearing authority.  The hearing authority shall not exclude proffered evidence based on failure to follow the requirements of this section but shall consider whether, because of the failure, the proffered evidence lacks weight or credibility and whether the officer has been materially prejudiced.

KRS § 15.520(1)(h)(9).[7]

Although the defendants argue that *any* violation KRS § 15.520 is limited to: dismissal of charges; its affect on the weight of the evidence offered; and/or issues of prejudice, the Court does not view subparagraphs (1)(h)(8) or (1)(h)(9) in the same light.  Instead, the Court interprets these subparagraphs as applying to the administrative hearing itself.  Thus, a violation of another subparagraph may result other remedies being provided.

Here, the Complaint may be properly interpreted as including a claim that the defendants violated his rights under the statute by failing to give written notice of the charges after he was suspended.  With regard to this issue, the relevant part of the statute states that,

---

[7]      Even if KRS § 15.520(1)(b) applied, the alleged request to resign would not constitute a threat, promise or coercion as those terms are defined in the statute.  Likewise, the alleged request would not constitute improper interrogation under KRS § 15.520(1)(c).

(b)     No threats, promises, or coercions shall be used at any time against any police officer while he or she is a suspect in a criminal or departmental matter.  Suspension from duty with or without pay, or reassignment to other than an officer's regular duties during the period shall not be deemed coercion.  *Prior to or within twenty-four (24) hours after suspending the officer pending investigation or disposition of a complaint, the officer shall be advised in writing of the reasons for the suspension*;

KRS § 15.520(1)(b) (emphasis added).  Contrary to the defendants' claims, Seger has generally alleged a violation of the notice provision of the statute.[8]  Thus, the question becomes whether an enforceable remedy exists for the alleged violation in light of the fact that the plaintiff was reinstated with back pay.

Citing *Grzyb v. Evans*, 700 S.W.2d 399 (Ky. 1985), the defendants argue that, where a statue both declares an unlawful act and specifies the civil remedy available to the aggrieved party, the aggrieved party is limited to the remedy provided by the statute.  *Id.* at 401.  However, having reviewed the authorities cited by the parties, the Court does not agree with the position advanced by the defendants.  While KRS §§ 15.520(1)(h)(8) and (9) identify remedies for certain violations, those remedies are related to the administrative hearings provided through subparagraph (1)(h).  Further, the language of the section relied upon is not sufficiently clear to limit the remedy for a violation of KRS § 15.520 to the administrative hearing.  The language in issue states that, "the failure to provide any of the rights or to follow the provisions of *this* section *may* be raised by the officer with the hearing authority."  KRS § 15.520(1)(h)(9)

_____

[8]     As noted in footnote 7, the plaintiff's Complaint does not allege a viable claim for a violations of KRS § 15.520(1)(c).  While Seger claims that the acting chief requested his resignation, such a request would not constitute interrogation or the use of coercion in violation of this statutory section.  Likewise, Seger has not alleged that he was charged with a violation of department rules or regulations.  Therefore, he has not stated a viable claim for a violation of KRS § 15.520(1)(f).

-16-

(emphasis added).  It does not state that the failure to provide any right or to follow the provisions of *any other section* of the statute may be raised *only* in the context of the administrative hearing.  If KRS § 15.520 were limited to citizen's complaint as several decisions from Kentucky courts have indicated, this ambiguity would be of no consequence here. However, as noted previously, the defendants have specifically indicated that they do not seek to rely upon this key limitation.

If KRS § 15.520 applies, violations of the statute may occur outside the context of an administrative hearing.  In such situations, KRS § 446.070 may allow recovery from the offender for such damages sustained by reason of the violation.[9]  Under the facts alleged in this case, however, any such recovery would be limited to Seger's claim for "emotional distress" due to not receiving written notice of the charges which led to his temporary suspension.  While it would appear Seger will have a very difficult time proving such damages, this is not an issue for resolution in the context of a Rule 12 motion.

In summary, under KRS § 15.520, a covered police officer is entitled to receive written notice of the specific charges against him within twenty-four hours of being suspended.  Here, while the officer may have been generally aware of the reasons for his termination (*i.e.*, the pending criminal charges), there is no indication that actual, written notice was provided in a

---

[9]     This statutory section provides that, "[a] person injured by the violation of any statute may recover from the offender such damages as he sustained by reason of the violation, although a penalty or forfeiture is imposed for such violation."  KRS § 446.070.  In *Grzyb*, the Supreme Court of Kentucky held that "[u]nder KRS 446.070, a person injured by the violation of any statute may recover from the offender such damages as he sustained by reason of the violation."  700 S.W.2d, at 401.  However, this general rule was limited to situations where: (i) the statute is penal in nature or (ii) by its terms, the statute does not prescribe the remedy for the violation.  The Court concludes that KRS § 15.520(1)(h) does not provide an exclusive remedy for a violation of KRS § 15.520(1)(b).

-17-

timely fashion.  Thus, the Court concludes that the plaintiff has stated a viable claim under Count I which falls outside the administrative hearing context of KRS § 15.520(1)(h).  However, a separate issue is presented regarding whether this technical violation would constitute a violation of federal due process as required to proceed under the second count of the original complaint.

### B.    Count II Does Not State a Viable Federal Claim.

The defendants argue that Count II of the plaintiff's original Complaint must be dismissed because he has not plausibly alleged that the defendants deprived him of a protected property interest without due process.  In support, they note that, while a government employee may have a property interest in continued employment that is subject to due process protection, Seger has not alleged any employment-related depravation due to *termination*.  Instead, Seger was merely *suspended* while criminal charges were pending against him.  And once those charges were dismissed, he was reinstated with full back pay.

The defendants are correct that KRS § 15.520(1)(d) does not create any property right to receive back pay while an officer is under suspension due to unresolved criminal charges.  *See Gilbert v. Homar*, 520 U.S. 924, 931-36 (1997) (pre-suspension hearing is not required for police officers arrested and charged with crimes); *Fed. Deposit Ins. Corp. v. Mallen*, 486 U.S. 230, 243 (1988).  Further, Seger does not have a protected property interest in the procedure itself.  *See Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519-20 (6th Cir. 2007); *see also Richardson v. Twp. of Brady*, 218 F.3d 508, 517-18 (6th Cir. 2000).

As the plaintiff properly acknowledges, property interests (and attendant due process protections) are created and defined by independent sources such as state law.  [Record No. 5,

p. 3]; *see Bd. of Regents v. Roth*, 408 U.S. 564 (1972). However, due process protections attach to deprivations of significant property interests. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985). At most, the plaintiff in this case has alleged a deprivation of a *de minimis* right to timely written notice of the reasons for his suspension. And such is not actionable under the due process clause of the Fourteenth Amendment. Thus, Seger's claim under 42 U.S.C. § 1932 (Count II) fails as a matter of law.[10] *Gillard v. Norris*, 857 F.2d 1095, 1098 (6th Cir. 1988) (finding three-day suspension to be *de minimis* and not deserving of due process consideration). This decision is fully consistent with the holding in *Martin*. 2012 U.S. Dist. LEXIS 104323 (noting that missteps in the application of a state statute do not automatically constitute a constitutional infraction, and that technical violations may be remedied by greater procedural protections provided at a subsequent administrative hearing).

In the present case, any technical violation of KRS § 15.520(1)(d) was remedied by the plaintiff's reinstatement with full back pay before termination occurred and before any accompanying hearing was held. And this remedy occurred well within sixty days of Seger's suspension. Based on the foregoing analysis, Count II will be dismissed.

### C. Plaintiff's Proposed Amended Complaint Does Not Assert Federal Claims.

Under Rule of Federal Civil Procedure 15, leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, the Court need not grant a

---

[10] In their reply brief, the defendants argue that neither Seger's suspension without pay nor his alleged "interrogation" by acting Chief Weston constitute actionable due process claims. [*See* Record No. 7, pp. 3-7.] The Court agrees that Seger has no federally-protected property interest in continued employment while criminal charges were pending against him. However, even if the plaintiff could establish such a protected interest, it would not be a violation of the Fourteenth Amendment to fail to give written notice where, as here, a plaintiff claims that he has actual notice of the violation as a result of his self-reporting of a potential crime.

motion for leave to amend a complaint under Rule 15 if the amendment would be futile.  *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005); *see also Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 519 (6th Cir. 2010) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)) .  Futility exists if "the proposed amendment would not permit the complaint to survive a motion to dismiss."  *Miller,* 408 F.3d at 817 (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980)).

As outlined above, Seger has not stated a viable federal claim.  Further, his proposed Amended Complaint only seeks to assert additional claims under state law.  Under these circumstances, there is no basis for this Court to retain jurisdiction over the action.  Therefore, the Court will remand this action to the Garrard Circuit Court.  That court may then address the propriety of the plaintiff's motion to amend to include the additional state law claims.

### III.

Accepting the plaintiff's factual allegations as true for purposes of evaluating the defendants' motion to dismiss, the Court concludes that Count II of the original Complaint does not state a viable federal claim for relief.  However, based on the selective arguments advanced by the defendant, Count I of the original Complaint contains a viable claim for a violation of state law.  Accordingly, it is hereby

**ORDERED** as follows:

1. The defendants' Motion to Dismiss [Record No. 4] is **GRANTED** with respect to Count II of the plaintiff's original Complaint [Record No. 1-1].  The motion is **DENIED** with respect to Count I of the plaintiff's original Complaint.

2.      Because the plaintiff has not asserted a viable federal claim for relief under Count II of his original Complaint or in his proposed Amended Complaint [Record No. 6-2], this action is **REMANDED** to the Garrard Circuit Court.

This 12th day of March, 2013.



Signed By:

**_Danny C. Reeves_**

**United States District Judge**